**Mark Bradford (MB 6002)**
**MARK BRADFORD, PC**
**299 12th Street**
**Brooklyn, New York 11215-4903**
**Telephone: (347) 413-3287**
**mb@markbradfordpc.com**

**Cara R. Burns (CB 1071)**
**HICKS, MIMS, KAPLAN & BURNS (PHV to be requested)**
**28202 Cabot Road, Ste 300**
**Laguna Niguel, California 92677**
**Telephone: (310) 314-1721**
**Facsimile: (310) 314-1725**
**cburns@hmkblawyers.com**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

| | |
|---|---|
| **MERCH TRAFFIC, LLC,** | CIVIL ACTION NO. |
| **Plaintiff,** | EX PARTE APPLICATION FOR: TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION AND SEIZURE ORDER SHOULD NOT ISSUE |
| v. | |
| **JOHN DOES 1-100, JANE DOES 1-100, AND XYZ COMPANY,** | |
| **Defendants.** | |

_____x

Plaintiff Merch Traffic, LLC ("Plaintiff") herein applies to this Court ex parte, pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Lanham Act 15 U.S.C. § 1051 et. seq., the All Writs Act 28 U.S.C. § 1651 and Local Rule 6.1 (d) for: a Temporary Restraining Order; Seizure Order; and an Order to Show Cause Regarding Why a Preliminary Injunction and Seizure Order Should Not Issue in the form of the [proposed] Order lodged herewith.

This application is based upon the fact that the Plaintiff has the exclusive right to sell merchandise bearing the federally registered trademark, service marks, logos and other indicia of the musical performer "HARRY STYLES" (the "Artist") in connection with the Artist's tour

1

including on October 16, October 30 and October 31, 2021 at Madison Square Garden, in New York, New York (the "Concerts").  Defendants, also known as "Bootleggers" and those acting in active concert and participation with them have begun to sell and will continue to sell unauthorized merchandise also known as "Bootleg Merchandise" or "Infringing Merchandise" (such as t-shirts, jersey and caps) at Concerts and elsewhere on the Artist's tour.

As set forth in the accompanying memorandum and other supporting documents, the Infringing Merchandise sold at the concerts bears the federally registered trademark, service marks, likenesses, and other indicia of Artist without license from Plaintiff, the exclusive licensee. Plaintiff will therefore succeed on the merits and/or serious questions are raised, and there is no defense to Defendants' actions.  The sale and distribution of Infringing Merchandise has and will continue to irreparably harm the Plaintiff, and is against the public interest. Further, the balance of hardships tips decidedly in favor of the Plaintiff since the defendants come and go with the performances and do not keep records, leaving the Plaintiff with clear rights being violated, but no remedy.

This application is based upon the accompanying Memorandum of Points and Authorities, Complaint, the Declaration of Dar Jenkins, and the Certificate of Counsel of Cara R. Burns, and all pleadings and proceedings as may be considered by the Court.

Dated:  October 7, 2021              Respectfully submitted,

By: *[signature]*
Mark Bradford (MB 6002)
Mark Bradford, PC
299 12th Street, Brooklyn, New York 11215
Tel: (347) 413-3287
mb@markbradfordpc.com, Attorneys for Plaintiff