**EXHIBIT A TO THE CERTIFICATE OF COUNSEL**

Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
mb@markbradfordpc.com

Cara R. Burns (CB 1071)
HICKS, MIMS, KAPLAN & BURNS
3250 Ocean Park Blvd, Ste 350
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725
cburns@hmkblawyers.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/1/12_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ x

F.E.A., INC.,

                   Plaintiff,

v.

JOHN DOES 1-100, JANE DOES
1-100, AND XYZ COMPANY,

                   Defendants.

_____ x

ACTION NO.  12 Civ 3999 TPG

[PROPOSED]
PRELIMINARY INJUNCTION
AND SEIZURE ORDER

     Plaintiff F.E.A., INC. ("Plaintiff") having moved for a Preliminary Injunction

enjoining and restraining the defendants from manufacturing, selling or distributing

merchandise bearing the trademarks, servicemarks, logos, likenesses and other indicia of

the musical Group **"ONE DIRECTION"** (collectively, the "Group's Trademarks") and

ordering the seizure and impounding of such articles; and service having been effected

upon certain defendants at the Group's concerts which have previously occurred; and

1

Plaintiff's application having come on for a hearing before the Honorable Thomas P. Griesa on the 1st day of June, 2012, at the United States Courthouse in the Southern District of New York, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.    By reason of the substantial and continuous use of the Group's Trademarks in connection with the Group's work as performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2.    The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's Trademarks, as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Trademarks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.    The defendants' acts, and those in active concert or participation with them, constitute a violation of the U. S. Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademark and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods;

4.      Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.      Copies of this Court's Temporary Restraining Order; Seizure Order, and Order to Show Cause Why A Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, "bootleg" merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)     Using any or all of the Group's Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Trademarks; or

( c)     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, state police, local police, local deputy sheriffs, off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers"), are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the

Group's Trademarks (i.e. of **ONE DIRECTION**) or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from six (6) hours before to six (6) hours after any performance of the Group within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED**, that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time the seizure provided herein is effected, and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED**, that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED**, that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED**, that the bond deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

      **IT IS SO ORDERED.**

Dated: June 1, 2012
At: 5:00 P. m.

**HONORABLE THOMAS G. GRIESA**
**UNITED STATES DISTRICT COURT JUDGE**

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| **LIVE NATION MERCHANDISE, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** _3:17-1275_ |
| | ) | |
| **v.** | ) | |
| | ) | |
| **VARIOUS JOHN DOES, VARIOUS** | ) | |
| **JANE DOES AND XYZ COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; AND ORDER TO SHOW CAUSE REGARDING WHY A PRELIMINARY INJUNCTION AND SEIZURE ORDER SHOULD NOT ISSUE

Based upon the complaint, memorandum of points and authorities, Declaration of Joseph Heden and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, Various John Does, Various Jane Does and XYZ Company their true identities being unknown  (collectively "Defendants"), show cause before the Honorable  _ALETA A. TRAUGER_     United States District Court Judge, in Courtroom _873_ of the United States District Court for the Middle District of Tennessee, located at 801 Broadway, Nashville, Tennessee 37203, at  _4:30 p.m_  ___ .m. on  _ October 2 _ , 2017 or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. Rule 65, the Lanham Act 15 U.S.C. § 1051 et. seq., and the All Writs Act 28 U.S.C. § 1651 should not be entered granting to Plaintiff, Live Nation Merchandise, Inc., a preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or holding for sale any clothing, jewelry, photographs, posters and

1

other merchandise (collectively the "Infringing Merchandise") and to seize the same bearing the trademarks, service marks, and likenesses, logos and other indicia of the Artist "HARRY STYLES" (collectively, the "Artist's Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing any or all of the Artist's Trademarks as set forth in Plaintiff's complaint and declaration, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Artist's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Artist's Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Artist's Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) days from the date hereof whichever occurs first, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be

and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Artist's Trademarks;

**AND IT IS FURTHER ORDERED** that the United States Marshal for this District, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Artist's Trademarks (namely of HARRY STYLES), which defendants attempt to sell or are holding for sale, including from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from four (4) hours before to four (4) hours after any performance of the tour within a four (4) mile vicinity of the halls, stadiums or arenas at which the Artist's tour shall be performing, including but not limited to in connection with the concert to be held on September 25, 2017 at Ryman Auditorium in Nashville, Tennessee;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, credit card payment, or cash in the amount of $ 5,000   no later than September 19 2017, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before September 26, 2017. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before September 28, 2017. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, including that pursuant to F.R.C.P. Rule 65 (b)(4), any

4

defendant can apply to this Court to modify or dissolve this Order on two (2) days' notice

or shorter notice as this Court may allow, but no such application shall serve to suspend

this Order or to stay its terms unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated: September 18 , 2017

At: 11:10  a. m.
_____

**HONORABLE   ALETA A. TRAUGER**

**UNITED STATES DISTRICT COURT JUDGE**

Respectfully Submitted

LIVE NATION MERCHANDISE, INC.

By: /s/ Maia T. Woodhouse

Maia T. Woodhouse (No. 030438)

Baker Donelson, PC

211 Commerce Street, Suite 800

Nashville, Tennessee 37201

Telephone: (615) 726-5600

Facsimile: (615) 744-5753

mwoodhouse@bakerdonelson.com

Cara R. Burns, Esq. (Pro Hac Vice to be Requested)

Hicks, Mims, Kaplan & Burns

2800  28th Street, Suite 383

Santa Monica, California 90405

Telephone: (310) 314-1721

Facsimile: (310) 314-1725

cburns@hmkblawyers.com

5

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

|  |  |  |
|---|---|---|
| **LIVE NATION MERCHANDISE, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:17-cv-1275** |
| | ) | |
| **v.** | ) | |
| | ) | **Hon. Judge Aleta A.Trauger** |
| **VARIOUS JOHN DOES, VARIOUS** | ) | |
| **JANE DOES AND XYZ COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## PRELIMINARY INJUNCTION AND SEIZURE ORDER

Plaintiff Live Nation Merchandise, Inc. ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the trademarks, service marks, likenesses, logos, and/or other indicia of the Artist **"HARRY STYLES"** (collectively, the "Artist's Trademarks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's application having come on for a hearing on October 2, 2017, at the United States Courthouse for the Middle District of Tennessee, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.      By reason of the substantial and continuous use of the Artist's Trademarks in connection with the Artist's work a performer, said marks have acquired meanings identified with the Artist and with products and services associated with him;

2.      The defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's Trademarks, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Artist's Trademarks at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.      The defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4.      Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.      Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)    Using any or all of the Artist's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)    Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Artist's Trademarks; or

( c )    Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Artist's Trademarks, namely, the trademarks, service marks, likenesses, logos, or other indicia of the Artist **HARRY STYLES**, or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from four (4) hours before to four (4) hours after any performance of the Artist within a four (4) mile vicinity of the stadiums, arenas or other venues at which the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported

or stored.  All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Artist's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the stadiums, arenas or other venues at which the Artist shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order together with the Complaint be made upon defendants by the Process Servers at the time of the seizure provided for herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond of Five Thousand Dollars ($5,000) previously deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

      **IT IS SO ORDERED.**

                          **WAVERLY D. CRENSHAW, JR.**
                          **CHIEF UNITED STATES DISTRICT JUDGE**

5

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

9     F.E.A., INC.

10         **Plaintiff,**

11         **v.**

12     **JOHN DOES 1-100, JANE DOES 1-100**
       **AND XYZ COMPANY,**
13

14         **Defendants.**

| | |
|---|---|
| ) | Case No. 3:15-cv- 1438 CAB RBB |
| ) | |
| ) | **TEMPORARY RESTRAINING** |
| ) | **ORDER; SEIZURE ORDER;** |
| ) | **AND ORDER TO SHOW** |
| ) | **CAUSE WHY A** |
| ) | **PRELIMINARY INJUNCTION** |
| ) | **AND SEIZURE ORDER** |
| ) | **SHOULD NOT ISSUE** |

15

16         Based upon the complaint, memorandum of points and authorities, Declaration of

17 Peter Merluzzi, and the Certificate of Counsel of Cara R. Burns, and good cause being

18 shown, the court **GRANTS** plaintiff's motion for a temporary restraining order [Doc.

19 No. 5] as follows:

20         **IT IS HEREBY ORDERED** that defendants, John Does 1-100, Jane Does 1-100

21 and XYZ Company, their true identities being unknown (collectively "Defendants"),

22 show cause before United States District Judge Cathy Ann Bencivengo in Courtroom 4C

23 of the United States District Court for the Southern District of California, located at 221

24 West Broadway, San Diego, California 92101, **at 1:30 p.m. on Friday, July 17, 2015**,

25 why an order pursuant to Fed. R. Civ. P. Rule 65 and the Lanham Act 15 U.S.C. § 1051

26 et. seq., should not be entered granting to Plaintiff, F.E.A., Inc., a preliminary injunction

27 to enjoin the Defendants from manufacturing, distributing, selling or holding for sale,

28 any clothing, jewelry, photographs, posters and other merchandise (collectively the

"Infringing Merchandise") and to seize the same bearing the federally registered trademarks, service marks, likenesses, logos and other indicia of the Group known as **"ONE DIRECTION"** (collectively, the "Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing any or all of the Trademarks as set forth in Plaintiff's complaint and declaration, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable harm in the form of a loss of income, lessening and dilution of the value of the Group's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Group's Trademarks, and impairment of the good will Plaintiff and its licensors have in the Group's Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing any or all of the Group's Trademarks;

**AND IT IS FURTHER ORDERED** that pursuant to 15 U.S.C. § 1116(a), the United States Marshal, for this District or any district in which Plaintiff enforces this order, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and

1 impound any and all Infringing Merchandise bearing any or all of the Group **ONE**
2 **DIRECTION's** Trademarks, including but not limited to:



7 and



13 which Defendants attempt to sell or are holding for sale, including any from any carton,
14 container, vehicle, or other means of carriage in which the Infringing Merchandise is
15 found from six (6) hours before to six (6) hours after any performance of the tour within
16 a ten (10) mile vicinity of the halls, stadiums or arenas at which said Tour shall be
17 performing, including but not limited to in connection with the concert to be held July 9,
18 2015 at Qualcomm Stadium, in San Diego, California;

19     **AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned
20 upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a surety
21 bond, credit card, certified check, or cash in the amount of $5,000 no later than July 7,
22 2015, to secure the payment of such costs and damages not to exceed such sum as may
23 be suffered or sustained by any party who is found to be wrongfully restrained hereby;

24     **AND IT IS FURTHER ORDERED** that this temporary restraining order is
25 conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as
26 is required by the same to cover the fees for their said services, in the event Plaintiff seeks
27 their services in this or any other district;

28

Ex B p 3

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause, together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time that the seizure provided herein is effected, and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before **July 13, 2015**.  Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before **July 15, 2015**.  Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that, pursuant to F.R.C.P. Rule 65(b)(4), any Defendant can apply to this Court to dissolve or modify this Order on two (2) days notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or stay its terms unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

**Dated:**  July 1, 2015

_____

Cathy Ann Bencivengo

United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.E.A., INC. | Case No. 3:15-cv- 1438 CAB RBB |
| **Plaintiff,** | **PRELIMINARY INJUNCTION** |
| v. | **AND SEIZURE ORDER** |
| **JOHN DOES 1-100, JANE DOES 1-100 AND XYZ COMPANY,** | |
| **Defendants.** | |

Plaintiff F.E.A., Inc., having moved for a Preliminary Injunction 1) to enjoin and restrain defendants from manufacturing, selling, or distributing merchandise bearing the federally-registered trademarks, service marks, logos, likenesses, or other indicia of the Group known as **"ONE DIRECTION"** (collectively, the "Group's Marks") and 2) to order the seizure and impounding of such articles, and service having been effected upon certain defendants at and/or near the Group's concert, and Plaintiff's application having been heard on July 17, 2015, with Plaintiff appearing by its attorney and no other parties present;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof, and all other pleadings and proceedings in this matter, the Court hereby finds:

Ex B p 5

15cv1438-CAB (RBB)

1.     By reason of the substantial and continuous use of the Group's Marks in connection with the Group's work, said Marks have acquired meanings identified with the Group and with products and services associated with the Group;

2.     The served Defendants, and those in active concert or participation with such Defendants, have infringed upon Plaintiff's rights in the Group's Marks and committed acts of unfair competition against Plaintiff by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Marks at or near the site of the Group's concert, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.     The acts of Defendants, and those in concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services, b) are activities which affect interstate commerce, and c) infringe the trademark and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake, or deception as to the affiliation, connection, association, sponsorship, or approval of Plaintiff with respect to such goods;

4.     Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.     Copies of this Court's "Temporary Restraining Order; Seizure Order; and Order to Show Cause Why a Preliminary Injunction and Seizure Order Should Not Issue" and the complaint have been served upon Defendants and the unauthorized merchandise has been seized from Defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED** that Defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in concert or participation with Defendants, are enjoined and restrained from:

(A)     Using any or all of the Group's Marks in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

Ex B p 6

-2-

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Marks; or

(C)     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs, off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers"), are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Group's Marks, including but not limited to the designs

 **or** ,

or any colorable imitations or variations thereof, or associated marks which Defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from six (6) hours before to six (6) hours after any performance of the Group within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale, or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored.  All clothing, jewelry, photographs, posters, and other merchandise bearing any or all of the Group's Marks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale, or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

Ex B p 7

**IT IS FURTHER ORDERED** that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time the seizure provided herein is effected, and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED** that each and every Defendant served with a copy of this order promptly, courteously, and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED**, that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED**, that the bond heretofore deposited with the Clerk of Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: July 17, 2015

**CATHY ANN BENCIVENGO**
**UNITED STATES DISTRICT JUDGE**

Ex B p 9

-4-

15cv1438 CAB (RBB)

Case 1:21-cv-08282-AT Document 12-17 Filed 10/07/21 Page 25 of 29
Case 1:14-cv-13160-RWZ Document 17 Filed 08/15/14 Page 1 of 5

Case 1:14-cv-13160-RWZ Document 14-1 Filed 08/13/14 Page 2 of 6

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **F.E.A., INC.** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) **CIVIL ACTION NO. 1:14-cv-13160 RWZ** |
| **v.** | ) |
| | ) |
| **JOHN DOES 1-100, individuals,** | ) |
| **JANE DOES 1-100, individuals,** | ) |
| **and XYZ COMPANY, business** | ) |
| **entity form unknown, inclusive,** | ) |
| | ) |
| **Defendants.** | ) |

# [PROPOSED] PRELIMINARY INJUNCTION AND SEIZURE ORDER

Plaintiff F.E.A., Inc. ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the federally registered trademarks, service marks, likenesses, logos, and/or other indicia of the musical Group **"ONE DIRECTION"** (collectively, the "Group's Trademarks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Group's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Rya W. Zobel on the 14th day of August, 2014, at the United States Courthouse for the District of Massachusetts, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

2

Ex B p 9

1. By reason of the substantial and continuous use of the Group's Trademarks in connection with the Group's work as performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2. The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's Trademarks owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Trademarks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3. The defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods;

4. Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5. Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been

3

Ex B p 10

served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

## NOW, THEREFORE, IT IS HEREBY

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)     Using any or all of the Group's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Trademarks; or

( c)     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Group's Trademarks, namely, the federally registered trademarks, service marks, likenesses, logos, or other indicia of the Group **ONE DIRECTION,** or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from six (6) hours before to six (6) hours after any performance

4

of the Group within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time of the seizure provided for herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such

5

objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: August 14, 2014

At: 2:27 p. m.

**THE HONORABLE RYA W. ZOBEL**
**UNITED STATES DISTRICT COURT JUDGE**

Respectfully Submitted,
F.E.A, INC.
/s/ _____
M. Lawrence Oliverio, Esq., BBO #378755
Novak Druce Connolly Bove and Quigg, LLP
100 Cambridge Street, Suite 2101
Boston, Massachusetts 02114
Tel: (617) 367-4600/Fax: (617) 367-4656

Cara R. Burns, Esq., Cal. Bar # 137557
Hicks, Mims, Kaplan & Burns
3250 Ocean Park Blvd, Suite 350
Santa Monica, California 90405
Tel: (310) 314-1721/Fax: (310) 314-1725