**EXHIBIT B TO THE CERTIFICATE OF COUNSEL**

Mark Bradford (MB 6002)
**MARK BRADFORD, PC**
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
Facsimile: (347) 402-8120
mb@markbradfordpc.com

Cara R. Burns (CB 1071) (PHV to be requested)
**HICKS, MIMS, KAPLAN & BURNS**
2800 28th Street, Ste 383
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725
cburns@hmkblawyers.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**18 CV 7551**

_____x

LIVE NATION MERCHANDISE, INC.,

               **Plaintiff,**

v.

JOHN DOES 1-100, JANE DOES
1-100, AND XYZ COMPANY,

               **Defendants.**

_____x

CIVIL ACTION NO.  18 CV

[~~PROPOSED~~]
**TEMPORARY
RESTRAINING ORDER;
SEIZURE ORDER; AND
ORDER TO SHOW CAUSE
WHY A PRELIMINARY
INJUNCTION AND SEIZURE
ORDER SHOULD NOT ISSUE**

     Based upon the complaint, memorandum of points and authorities, Declaration of

Peter Weber and the Certificate of Counsel of Cara R. Burns and all other pleadings and

proceedings heretofore had herein and good cause being shown:

     **IT IS HEREBY ORDERED** that defendants, John Does 1-100, Jane Does 1-100

and XYZ Company their true identities being unknown  (collectively "Defendants"), show

1

cause before the Honorable *P. Kevin Castel*, United States District Court Judge, in the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York at *4:00 p*.m. on *Sept. 4*, 2018 or as soon thereafter as counsel can be heard, why an order pursuant to the Lanham Act 15 U.S.C. § 1051 et. seq., Fed. R. Civ. P. Rule 65, and the All Writs Act 28 U.S.C. § 1651 should not be entered granting to Plaintiff, Live Nation Merchandise, Inc., a preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") and to seize the same bearing the federally registered trademarks, service marks, likenesses, logos and other indicia of the Artist **"DRAKE"** (collectively, the "Artist's Trademarks").

  **AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing any or all of the Artist's Trademarks as set forth in Plaintiff's complaint and declaration, and will continue to carry out such acts unless restrained by order of the Court;

  **AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Artist's Trademarks, interference with Plaintiff's ability to

exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Artist's Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Artist's Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) days from the date hereof whichever occurs first, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Artist's Trademarks;

**AND IT IS FURTHER ORDERED** that the United States Marshal for this District, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Artist's Trademarks (namely of **DRAKE**), which defendants attempt to sell or are holding for sale, including from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from four (4) hours before to four (4) hours after any performance of the tour within a four (4) mile vicinity of the halls, stadiums or arenas at which the Artist's tour shall be performing, including but not limited to in connection with the concerts to be held August 24, 25, 27, and 28, 2018 at Madison Square Garden in New York, New York;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $ *5000*   no later than *Sept. 4*, 2018, to

3

secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before *noon on Sept.* 2018. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before

*noon on Sept 4*, 2018. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, including that pursuant to F.R.C.P. Rule 65 (b)(4), any defendant can apply to this Court to modify or dissolve this Order on two (2) days' notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or to stay its terms unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated: *August 20* 2018
At: *10:15* a. m.

Respectfully submitted,

By _____
Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
Facsimile: (347) 402-8120
mb@markbradfordpc.com

Cara R. Burns (CB 1071) (PHV to be requested)
HICKS, MIMS, KAPLAN & BURNS
2800 28th Street, Ste 383
Santa Monica, CA 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725
cburns@hmkblawyers.com

Attorneys for Plaintiff

**HONORABLE** *Loretta A. Preska*
**UNITED STATES DISTRICT JUDGE**

Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Tel: (347) 413-3287; Fax: (347) 402-8120
mb@markbradfordpc.com

Cara R. Burns (CB 1071)
HICKS, MIMS, KAPLAN & BURNS
2800 28th Street, Ste 383
Santa Monica, California 90405
Tele: (310) 314-1721; Fax: (310) 314-1725
cburns@hmkblawyers.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-26-18

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

——————————————————————x

LIVE NATION MERCHANDISE, INC.,

        Plaintiff,

v.

JOHN DOES 1-100, JANE DOES
1-100, AND XYZ COMPANY,

        Defendants.

——————————————————————x

ACTION NO. 1:18-cv-7551 LAP

[~~PROPOSED~~]
PRELIMINARY INJUNCTION
AND SEIZURE ORDER

**[PROPOSED] PRELIMINARY INJUNCTION AND SEIZURE ORDER**

Plaintiff Live Nation Merchandise, Inc. ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the federally registered trademarks, service marks, likenesses, logos, and/or other indicia of the Artist **"DRAKE"** (collectively, the "Artist's Trademarks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Loretta A. Preska on the 26th day of September, 2018, at the United

1

States Courthouse for the Southern District of New York, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.     By reason of the substantial and continuous use of the Artist's Trademarks in connection with the Artist's work as a performer, said marks have acquired meanings identified with the Artist and with products and services associated with him;

2.     The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's Trademarks owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Artist's Trademarks at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.     The defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4.     Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.      Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)      Using any or all of the Artist's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)      Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Artist's Trademarks; or

( c)      Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Artist's Trademarks, namely, the federally registered trademarks, service marks, likenesses, logos, or other indicia of the Artist (namely **"DRAKE"**), or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives

3

attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from four (4) hours before to four (4) hours after any performance of the Artist within a four (4) mile vicinity of the stadiums, arenas or other places at which the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Artist's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the stadiums, arenas or other places at which the Artist shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order together with the Complaint be made upon defendants by the Process Servers at the time of the seizure provided for herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date

of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond of Five Thousand Dollars ($5,000) previously deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: September **26**, 2018

At: **11:15 a.** m.

*Loretta A. Preska*
**THE HONORABLE LORETTA A. PRESKA**
**UNITED STATES DISTRICT JUDGE**

Respectfully submitted,
By: _____
Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, NY 11215-4903
Tel: (347) 413-3287; Fax: (347) 402-8120
mb@markbradfordpc.com

Cara R. Burns (CB 1071)
HICKS, MIMS, KAPLAN & BURNS
2800 28th Street, Ste 383
Santa Monica, CA 90405
Tel: (310) 314-1721/ Fax: (310) 314-1725
cburns@hmkblawyers.com

Attorneys for Plaintiff

Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
mb@markbradfordpc.com

Cara R. Burns (pro hac vice to be requested)
HICKS, MIMS, KAPLAN & BURNS
2800 28th Street, Ste 383
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725
cburns@hmkblawyers.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 2 0 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

LIVE NATION MERCHANDISE, INC.,

                Plaintiff,

v.

JOHN DOES 1-100, JANE DOES
1-100, AND XYZ COMPANY,

                Defendants.

———————————————————— x

CASE NO. 16 cv 0336 (LAK)

[PROPOSED]
PRELIMINARY INJUNCTION
AND SEIZURE ORDER

       Plaintiff Live Nation Merchandise, Inc. ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the federally registered trademarks, service marks, likenesses, logos, and/or other indicia of the Group **"BRUCE SPRINGSTEEN AND THE E STREET BAND"** (collectively the "Group's Trademarks") and ordering the seizure and impounding of such articles; and Plaintiff's

1

application having come on for a hearing before the Honorable Lewis A. Kaplan on the 20th day of January, 2016, at the United States Courthouse in the Southern District of New York, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.     By reason of the substantial and continuous use of the Group's Trademarks in connection with the Group's work as performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2.     The defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's Trademarks, as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Trademarks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.     The defendants' acts, and those in active concert or participation with them, constitute a violation of the U. S. Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademark and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods; and

4.      Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)      Using any or all of the Group's Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)      Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Trademarks; or

( c)      Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs, off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers"), are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Group's Trademarks (i.e. of **BRUCE SPRINGSTEEN AND THE E STREET BAND**) or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from six (6) hours before to six (6) hours after any performance of the Group within a ten (10) mile vicinity of the halls, stadiums or arenas

3

at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED**, that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time the seizure provided herein is effected, and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED**, that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such

objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED**, that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED**, that the bond deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

      **IT IS SO ORDERED.**

Dated: January 20, 2016
At: _____ a. m.

**HONORABLE LEWIS A. KAPLAN**
**UNITED STATES DISTRICT JUDGE**

5

Mark Bradford (MB 6002)
**MARK BRADFORD, PC**
299 12ᵗʰ Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
Facsimile: (347) 402-8120
mb@markbradfordpc.com

Cara R. Burns (CB 1071) (pro hac vice to be requested)
**HICKS, MIMS, KAPLAN & BURNS**
2800 28ᵗʰ Street, Ste 383
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725
cburns@hmkblawyers.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————x

**LIVE NATION MERCHANDISE, INC.,**

    **Plaintiff,**

v.

**JOHN DOES 1-100, JANE DOES
1-100, AND XYZ COMPANY,**

    **Defendants.**

————————————————————————x

CIVIL ACTION NO. 16 CV 0336 (LAK)

~~[PROPOSED]~~
**TEMPORARY
RESTRAINING ORDER;
SEIZURE ORDER; AND
ORDER TO SHOW CAUSE
WHY A PRELIMINARY
INJUNCTION AND SEIZURE
ORDER SHOULD NOT ISSUE**

Based upon the complaint, memorandum of points and authorities, Declaration of

Peter Weber and the Certificate of Counsel of Cara R. Burns and all other pleadings and

proceedings heretofore had herein and good cause being shown:

  **IT IS HEREBY ORDERED** that defendants, John Does 1-100, Jane Does 1-100

and XYZ Company their true identities being unknown   (collectively "Defendants"),

show cause before the Honorable LEWIS A. KAPLAN _____, United States District Court

Judge, in the United States District Court for the Southern District of New York, located

at 500 Pearl Street, New York, New York at _9:30_ a.m. on _JAN. 20_, 2016 or as

soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. Rule 65, *in Courtroom 21B*

the Lanham Act 15 U.S.C. § 1051 et. seq., should not be entered granting to Plaintiff,

Live Nation Merchandise, Inc., a preliminary injunction to enjoin the Defendants from

manufacturing, distributing, selling or holding for sale, any clothing, jewelry,

photographs, posters and other merchandise (collectively the "Infringing Merchandise")

bearing the federally registered trademarks, service marks, likenesses, logos and other

indicia of the Group **"BRUCE SPRINGSTEEN AND THE E STREET BAND"**

(collectively, the "Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and

distribute the Infringing Merchandise bearing any or all of the Trademarks as set forth in

Plaintiff's complaint and declarations, and will continue to carry out such acts unless

restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury,

loss or damage will result to the Plaintiff before Defendants can be identified and given

notice and their attorneys can be heard in opposition to the granting of the temporary

restraining order, in that the Defendants are preparing to manufacture, distribute and sell

Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said

Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will

suffer immediate and irreparable injury and harm in the form of a loss of income,

lessening and dilution of the value of the Trademarks, interference with Plaintiff's ability

to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) days from the date hereof, the Defendants, *whichever first occurs,* their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Trademarks;

**AND IT IS FURTHER ORDERED** that pursuant to 1116 (a), the United States Marshal, for this District, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Group's Trademarks (namely of **BRUCE SPRINGSTEEN AND THE E STREET BAND**), which defendants attempt to sell or are holding for sale, including from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from six (6) hours before to six (6) hours after any performance of the tour within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Group's Tour shall be performing, including but not limited to in connection with the concerts to be held January 24 and 27, 2016 at Madison Square Garden in New York, New York;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond,

certified check, or cash in the amount of $ _10,000_ no later than _Jun. 15_, 2016, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before _Jan. 19_, 2016. Any reply shall be filed

by the Plaintiff and served upon each appearing defendant or his/her counsel on or before at 8:30 am ~~Jan 20~~, 2016, Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, including that pursuant to F.R.C.P. Rule 65 (d), any defendant can apply to this Court for modification/dissolution of this Order on two (2) days notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated: January 15, 2016
At: 12:11 .m.

Respectfully submitted,

By: _____
Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
Facsimile: (347) 402-8120
mb@markbradfordpc.com

Cara R. Burns (CB 1071) (PHV to be requested)
HICKS, MIMS, KAPLAN & BURNS
2800  28th Street, Ste 383
Santa Monica, CA 90405
Telephone: (310) 314-1721/ Facsimile: (310) 314-1725
cburns@hmkblawyers.com

Attorneys for Plaintiff

HONORABLE _____ A. KAPLAN
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3|2|12
```

_____x

**F.E.A., INC.,**

**Plaintiff,**

v.

**JOHN DOES 1-100, JANE DOES
1-100, AND XYZ COMPANY,**

**Defendants.**

_____x

**PRELIMINARY INJUNCTION
AND SEIZURE ORDER**

**12 Civ 1313 PGG**

Plaintiff F.E.A., INC. ("Plaintiff") having moved for a Preliminary Injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, servicemarks, logos, likenesses and other indicia of the musical Group **"VAN HALEN"** (collectively the "Group's Trademarks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Group's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Paul G. Gardephe on the 2nd day of March, 2012, at the Daniel Patrick Moynihan United States Courthouse for the Southern District of New York, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1

1.     By reason of the substantial and continuous use of the Group's Trademarks in connection with the Group's work as performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2.     The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's Trademarks, as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Trademarks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.     The defendants' acts, and those in active concert or participation with them, constitute a violation of the U. S. Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademark and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods;

4.     Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.     Copies of this Court's Order to Show Cause On Motion For Preliminary Injunction with a Temporary Restraining and Seizure Order, and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, "bootleg" merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

2

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A) Using any or all of the Group's Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B) Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Trademarks; or

( c) Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs, off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers"), are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Group's Trademarks (i.e. the **VAN HALEN** trademarks) or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from six (6) hours before to six (6) hours after any performance of the Group within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and

3

other merchandise bearing any or all of the Group's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED**, that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time the seizure provided herein is effected, and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED**, that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

4

**IT IS FURTHER ORDERED**, that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED**, that the bond deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: March 2, 2012

At: _10 25_ p.m.

**HONORABLE PAUL G. GARDEPHE**
**UNITED STATES DISTRICT COURT JUDGE**

5

*SAN DEPHE 5*

**Mark Bradford (MB 6002)**
**MARK BRADFORD, PC**
**299 12th Street**
**Brooklyn, New York 11215-4903**
**Telephone: (347) 413-3287**
**mb@markbradfordpc.com**

**Cara R. Burns (CB 1071) (pro hac vice requested)**
**HICKS, MIMS, KAPLAN & BURNS**
**3250 Ocean Park Blvd, Ste 350**
**Santa Monica, California 90405**
**Telephone: (310) 314-1721**
**Facsimile: (310) 314-1725**
**cburns@hmkblawyers.com**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/22/12

12 CV 1313

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————x

**F.E.A., INC.,**

          **Plaintiff,**

**v.**

**JOHN DOES 1-100, JANE DOES**
**1-100, AND XYZ COMPANY,**

          **Defendants.**

————————————————————————x

**CIVIL ACTION NO.**

~~[PROPOSED]~~
**TEMPORARY**
**RESTRAINING ORDER;**
**SEIZURE ORDER; AND**
**ORDER TO SHOW CAUSE**
**WHY A PRELIMINARY**
**INJUNCTION AND SEIZURE**
**ORDER SHOULD NOT ISSUE**

Based upon the complaint, memorandum of points and authorities, Declaration of

Tyler Zeigler and the Certificate of Counsel of Cara R. Burns and all other pleadings and

proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, John Does 1-100, Jane Does 1-100

and XYZ Company their true identities being unknown (collectively "Defendants"),

show cause before the Honorable *Paul Gardephe* United States District Court Judge, in

1

the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York at 2:45 p.m. on Feb 27, 2012 or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. Rule 65, the Lanham Act 15 U.S.C. § 1051 et. seq., should not be entered granting to Plaintiff, F.E.A., Inc. a preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") bearing the federally registered trademarks, servicemarks, likenesses, logos and other indicia of the group **"VAN HALEN"** (collectively, the "Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing any or all of the Trademarks as set forth in Plaintiff's complaint and declarations, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to

2

the duly authorized source of merchandise depicting the Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) days from the date hereof, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Trademarks;

**AND IT IS FURTHER ORDERED** that pursuant to 1116 (a), the United States Marshal, for this District, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Group's Trademarks, namely of **VAN HALEN**, which defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from six (6) hours before to six (6) hours after any performance of the tour within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Group's Tour shall be performing, including but not limited to in connection with the concerts to be held February 28 and March 1, 2012 at Madison Square Garden in New York, New York;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $ 10,000.00 no later than Feb. 24 , 2012, at 5:00 p.m. receipt of which is hereby acknowledged to secure the payment of such costs and

3

damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

/ / /

/ / /

/ / /

4

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any,

shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by

delivering copies to its counsel on or before _Feb. 24_, 2012₂ by 5:00 p.m. — KMW Any reply shall be filed

by the Plaintiff and served upon each appearing defendant or his/her counsel on or before

at 9:00 a.m. —KMW

_Feb. 27_____, 2012₂ Plaintiff is to provide copies of all other filed pleadings at the

request of any identified defendant;

**AND IT IS FURTHER ORDERED** that any defendant who is hereafter served

with a copy of this order who objects to the provisions hereof may submit his or her

objections to this Court or otherwise move for relief from this Court according to the

Federal Rules of Civil Procedure, including that pursuant to F.R.C.P. Rule 65 (d), any

defendant can apply to this Court for modification/dissolution of this Order on two (2)

days notice or shorter notice as this Court may allow, but no such application shall serve

to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated: February 22 2012

At: 12:33 p.m.

_(Keith M. Wood)_
**HONORABLE** Kimba M. Wood
**UNITED STATES DISTRICT COURT JUDGE**

( Part I )

Respectfully submitted,

By:
Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12ᵗʰ Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
mb@markbradfordpc.com

Cara R. Burns (CB 1071) (pro hac vice requested)
HICKS, MIMS, KAPLAN & BURNS
3250 Ocean Park Blvd, Ste 350
Santa Monica, CA 90405
Telephone: (310) 314-1721/ Facsimile: (310) 314-1725
cburns@hmkblawyers.com
Attorneys for Plaintiff

5