# EXHIBIT C TO THE CERTIFICATE OF COUNSEL

David M. Carter (DC 2188)
Francesco Sardone (FS 5557)
CARTER, DELUCA, FARRELL & SCHMIDT, LLP
445 Broad Hollow Road, Ste 420
Melville, New York 11747
Tel: (631) 501-5700/Fax: (631) 501-3526
dcarter@cdfslaw.com

Cara R. Burns (CB 1071)
HICKS, MIMS, KAPLAN & BURNS
2800 28th Street, Ste 300
Santa Monica, California 90405
Tel: (310) 314-1721/Fax: (310) 314-1725
cburns@hmkblawyers.com

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 26 2018 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____x

MANHEAD, LLC,

            Plaintiff,

v.

JOHN DOES 1-100, JANE DOES 1-100,
and XYZ COMPANY,

           Defendants.
_____x

CASE NO. 2:18-cv-3999 JFB/GRB
Hon. Joseph F. Bianco

[PROPOSED]
PRELIMINARY INJUNCTION
AND SEIZURE ORDER

    Plaintiff Manhead, LLC ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the trademarks, service marks, likenesses, logos, and/or other indicia of the Group "PANIC! AT THE DISCO" (collectively, the "Group's Trademarks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Group's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Joseph F. Bianco on July 26, 2018, at the United States

1

Case 2:18-cv-03999-JFB-GRB Document 20 Filed 07/26/18 Page 2 of 5 PageID #: 195
Case 1:21-cv-08283-AT Document 12-3 Filed 10/07/21 Page 3 of 16
Case 2:18-cv-03999-JFB-GRB Document 19-1 Filed 07/25/18 Page 3 of 6 PageID #: 181

Courthouse for the Eastern District of New York, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1. By reason of the substantial and continuous use of the Group's Trademarks in connection with the Group's work as performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2. The defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's Trademarks, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Trademarks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3. The defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods;

4. Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5. Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A) Using any or all of the Group's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B) Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Trademarks; or

(c) Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Group's Trademarks, namely, the trademarks, service marks, likenesses, logos, or other indicia of the Group (namely of **PANIC! AT THE DISCO**), or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from four (4) hours before to four (4) hours after any performance

of the Group within a four (4) mile vicinity of the stadiums, arenas or other venues at which the Group shall be performing in the United States or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the stadiums, arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order together with the Complaint be made upon defendants by the Process Servers at the time of the seizure provided for herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED**, that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED**, that the bond of One Thousand Dollars ($1,000) previously deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: July 26, 2018
At: 1:06 p.m

_Joseph Bianco_
**THE HONORABLE JOSEPH F. BIANCO**
**UNITED STATES DISTRICT JUDGE**

Respectfully submitted,
By: /s/ Cara R. Burns
Cara R. Burns (CB 1071)
HICKS, MIMS, KAPLAN & BURNS
2800 28th Street, Ste 300
Santa Monica, California 90405
Tel: 310-314-1721/ Fax: 310-314-1725
cburns@hmkblawyers.com

David M. Carter (DC 2188)
Francesco Sardone (FS 5557)
CARTER, DELUCA, FARRELL & SCHMIDT, LLP
445 Broad Hollow Road, Suite 420
Melville, New York 11747
Tel: (631) 501-5700/Fax: (631) 501-3526
dcarter@cdfslaw.com

Attorneys for Plaintiff

**David M. Carter (DC 2188)**
**Francesco Sardone (FS 5557)**
**CARTER, DELUCA, FARRELL & SCHMIDT, LLP**
**445 Broad Hollow Road, Ste 420**
**Melville, New York 11747**
Tel: (631) 501-5700/Fax: (631) 501-3526
dcarter@cdfslaw.com

**Cara R. Burns (CB 1071)**
**HICKS, MIMS, KAPLAN & BURNS**
**2800 28th Street, Ste 300**
**Santa Monica, California 90405**
Tel: (310) 314-1721/Fax: (310) 314-1725
cburns@hmkblawyers.com

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 28 2018 ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------X

**LIVE NATION MERCHANDISE, INC.,**

        **Plaintiff,**

v.

**JOHN DOES 1-100, JANE DOES 1-100,**
**and XYZ COMPANY,**

        **Defendants.**

---------------------------------------------------X

CASE NO: 2:18-cv- 3468 SJF-SIL
Hon. Judge Sandra J. Feuerstein

**PRELIMINARY INJUNCTION**
**AND SEIZURE ORDER**

    Plaintiff Live Nation Merchandise, Inc. ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the federally registered trademarks, service marks, likenesses, logos, and/or other indicia of the Group "LYNYRD SKYNYRD" (collectively, the "Group's Trademarks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Group's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Sandra J. Feuerstein on June 28, 2018, at the United States Courthouse for the Eastern District of New York, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1. By reason of the substantial and continuous use of the Group's Trademarks in connection with the Group's work as performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2. The defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's Trademarks, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Trademarks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3. The defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods;

4. Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5. Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue and the

Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED,** that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A) Using any or all of the Group's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B) Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Trademarks; or

(c) Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Group's Trademarks, namely, the federally registered trademarks, service marks, likenesses, logos, or other indicia of the Group (namely of **LYNYRD SKYNYRD**), or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from four (4) hours before to four (4) hours after any performance of the Group within a four (4) mile vicinity of the stadiums, arenas or other venues at which the Group shall be performing or elsewhere where such merchandise is being

3

sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the stadiums, arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order together with the Complaint be made upon defendants by the Process Servers at the time of the seizure provided for herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond of Five Hundred Dollars ($500) previously deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: June 28, 2018
At: 11:05 a.m

s/ Sandra J. Feuerstein
**THE HONORABLE SANDRA J. FEUERSTEIN**
**UNITED STATES DISTRICT COURT JUDGE**

Respectfully submitted,
By: /s/ Francesco Sardone
David M. Carter (DC 2188)/Francesco Sardone (FS 5557)
CARTER, DELUCA, FARRELL & SCHMIDT, LLP
445 Broad Hollow Road, Suite 420
Melville, New York 11747
Tel: (631) 501-5700/Fax: (631) 501-3526
dcarter@cdfslaw.com

Cara R. Burns (CB 1071)
HICKS, MIMS, KAPLAN & BURNS
2800 28th Street, Ste 300
Santa Monica, California 90405
Tel: 310-314-1721/ Fax: 310-314-1725
cburns@hmkblawyers.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LIVE NATION MERCHANDISE, INC.,   Civil Case No.: 1:18-cv-0580 (LEK/TWD)

      **Plaintiff,**

v.   **PRELIMINARY INJUNCTION AND SEIZURE ORDER**

JOHN DOES 1-5, JANE DOES 1-4,
and XYZ COMPANY,

      **Defendants.**

---

Plaintiff Live Nation Merchandise, Inc. ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and to seize the same, bearing the federally registered trademarks, service marks, likenesses, logos, and/or other indicia of the Group **"DEF LEPPARD"** (collectively the "Group's Trademarks") and ordering the seizure and impounding such articles; and service having been effected upon certain defendants at the Group's concerts which have previously occurred; and Plaintiff's application having been scheduled for a hearing before the Honorable Lawrence E. Kahn on May 30, 2018, at the United States Courthouse in the Northern District of New York, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1. By reason of the substantial and continuous use of the Group's Trademarks in connection with the Group's work as performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2. The defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's Trademarks, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Trademarks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3. The defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods;

4. Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5. Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A) Using any or all of the Group's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B) Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Trademarks; or

(C) Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Group's Trademarks, namely, the federally registered trademarks, service marks, likenesses, logos, or other indicia of the Group (namely **DEF LEPPARD**), including



or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the

vicinity of any of the Group's concerts from three (3) hours before to three (3) hours after any performance of the Group within a three (3) mile vicinity of the stadiums, arenas or other venues at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the stadiums, arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order together with the Complaint be made upon defendants by the Process Servers at the time of the seizure provided for herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date

of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond of Five Hundred Dollars ($500) previously deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: May 30, 2018
At: 11:45 A.m.

_____
**HONORABLE LAWRENCE E. KAHN**
**UNITED STATES DISTRICT JUDGE**

Respectfully Submitted,
HICKS, MIMS, KAPLAN & BURNS
By: /s/ Cara R. Burns
Cara R. Burns (PHV)
28202 Cabot Road, Ste 300
Laguna Niguel, CA 92677
Tel: 310-314-1721
cburns@hmkblawyers.com

PHILLIPS LYTLE LLP
Marc H. Goldberg (Bar Roll No.: 101803)
30 South Pearl Street, 8th Floor
Albany, New York 12207
Tel: (518) 472-1224
mgoldberg@phillipslytle.com

Attorneys for Plaintiff, Live Nation Merchandise, Inc.